# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

SALLY KIRKWOOD, Personal Representative of the ESTATE OF DONALD JOHN ANDERSON, Deceased

    Plaintiff,

v.

COUNTY OF KENT, a municipal corporation, and SHERIFF MICHELLE LAJOYE-YOUNG; UNDERSHERIFF CHARLES DEWITT; DEPUTY MICHAEL STACK; THE FAMILY OUTREACH CENTER; CHAYENNE SMITH; and other UNKNOWN DEPUTIES; JANE DOE; and JOHN DOE; Individually, and in their official / supervisory capacities, Jointly and Severally,

    Defendants.

Case No.: 1:24-cv-00141-PLM

Hon. Paul L. Maloney

---

Marcel S. Benavides (P69562)
THE MARCEL S. BENAVIDES LAW OFFICE PLLC
Attorney for Plaintiff
801 West Eleven Mile Rd. Ste. 130
Royal Oak, MI 48067
(248) 549-8555
benavideslaw@att.net

Matthew S. Kolodziejski (P71068)
LAW OFFICE OF MATTHEW S. KOLODZIEJSKI PLLC
Attorney for Plaintiff
200 E. Big Beaver Road
Troy, MI 48083
(313) 736-5060
msklawoffice1@gmail.com

Kyle P. Konwinski (P76257)
Jailah D. Emerson (P84550)
VARNUM LLP
Attorney for Defendants Kent County, Sheriff Michelle LaJoye-Young, Undersheriff Charles Dewitt, and Deputy Michael Stack
Bridgewater Place
P.O. Box 352
Grand Rapids, MI 496501
(616) 336-6000
kpkonwinski@varnumlaw.com
jdemerson@varnumlaw.com

---

**DEFENDANTS KENT COUNTY, SHERIFF MICHELLE LAJOYE-YOUNG, UNDERSHERIFF CHARLES DEWITT, AND DEPUTY MICHAEL STACK'S BRIEF IN SUPPORT OF PARTIAL MOTION TO DISMISS**

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. BACKGROUND ....................................................................................................................1

    A. DONALD ANDERSON IS SEEN BY MEDICAL AND MENTAL PROFESSIONALS WHEN BOOKED AT THE JAIL ........................................................................................1

    B. DEPUTY MICHAEL STACK ..................................................................................3

    C. DEFENDANTS KENT COUNTY, SHERIFF MICHELLE LAJOYE-YOUNG AND UNDERSHERIFF CHARLES DEWITT ......................................................................4

    D. COUNTS ASSERTED IN THE COMPLAINT ............................................................4

III. LEGAL STANDARD .............................................................................................................5

IV. ANALYSIS ............................................................................................................................5

    A. PLAINTIFF'S CLAIMS AGAINST DEFENDANTS "JOINTLY AND SEVERALLY" SHOULD BE DISMISSED. ......................................................................................6

    B. PLAINTIFF'S CLAIM UNDER THE FOURTH AND EIGHTH AMENDMENTS IN COUNT I SHOULD BE DISMISSED ........................................................................7

    C. PLAINTIFF'S CLAIM AGAINST DEPUTY STACK IN HIS OFFICIAL-CAPACITY SHOULD BE DISMISSED AND PLAINTIFF'S CLAIMS AGAINST KENT COUNTY, THE SHERIFF, AND THE UNDERSHERIFF IN THEIR INDIVIDUAL CAPACITIES SHOULD BE DISMISSED .......................................................................................8

    D. COUNT I AGAINST KENT COUNTY, THE SHERIFF, AND THE UNDERSHERIFF SHOULD BE DISMISSED FOR LACK OF PERSONAL INVOLVEMENT ........................10

    E. COUNT IV SHOULD BE DISMISSED BECAUSE PLAINTIFF CANNOT PROVE CAUSATION .......................................................................................................12

IV. CONCLUSION ....................................................................................................................13

# INDEX OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ................................................................................................... 5, 11

*Bd. of County Comm'rs v. Brown*
    520 U.S. 397 (1997) ......................................................................................................... 11

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................................................... 1

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ........................................................................................................... 5

*Bell v. Wolfish*,
    441 U.S. 520 n.16, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) ................................................ 7

*Bradley v. City of Ferndale*,
    148 F. App'x 499 (6th Cir. 2005) ..................................................................................... 12

*Brawner v. Scott Cnty.,*
    14 F.4th 585 (6th Cir. 2021) ............................................................................................ 11

*Burgess v. Fischer*,
    735 F.3d 462 (6th Cir. 2013) ............................................................................................. 7

*Burley v. Gagacki*
    729 F.3d 610 (6th Cir. 2013) ........................................................................................... 11

*Butler v. Pickell*
    No. 1:21-CV-10817, 2021 WL 3566276 (E.D. Mich. Aug. 12, 2021) ......................... 9, 12

*Cooper v. Washtenaw County*,
    270 Mich. App. 506, 715 N.W.2d 908 (2006) ................................................................ 13

*Downard for Est. of Downard v. Martin*,
    968 F.3d 594 (6th Cir. 2020) ........................................................................................... 10

*Durden v. Bouchard*
    No. 2:20-CV-12161, 2020 WL 5548377 (E.D. Mich. Sept. 16, 2020) ............................ 10

*Farmer v. Brennan*,
    511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) ............................................ 10, 11

*Findling for Est. of Garza v. Michigan Dep't of Corr.*,
    2019 WL 4743862, No. 2:17-CV-18, issued September 30, 2019 .................................. 13

*Gean v. Hattaway*
    330 F.3d 758 (6th Cir. 2003) .................................................................................................. 8

*Gray v. City of Detroit*
    399 F.3d 612 (6th Cir. 2005) ................................................................................................ 11

*Guy v. Metro. Gov't of Nashville & Davidson Cnty., Tennessee*,
    687 F. App'x 471 (6th Cir. 2017) .......................................................................................... 7

*Hafer v. Melo*,
    502 U.S. 21 (1991) ............................................................................................................ 8, 9

*Hays v. Jefferson County*,
    668 F.2d 869 (6th Cir.1982) ................................................................................................. 6

*Helphenstine v. Lewis Cnty., Kentucky*
    60 F.4th 305 (6th Cir. 2023), cert. denied, 144 S. Ct. 692 (2024) .................................... 11

*Kentucky v. Graham*
    473 U.S. 158 (1985) .......................................................................................................... 8, 9

*Lawler as next friend of Lawler v. Hardeman Cnty., Tennessee*,
    93 F.4th 919 (6th Cir. 2024) ................................................................................................. 7

*Monell v. New York City Department of Social Services*,
    436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) ....................................................... 6, 8

*Papasan v. Allain*,
    478 U.S. 265 (1986) .............................................................................................................. 5

*Perez v. Oakland Cty.*,
    2007 WL 914669, No. 271406, March 27, 2007 ................................................................ 13

*Pineda v. Hamilton County*
    977 F.3d 483 (6th Cir. 2020) .............................................................................................. 11

*Scott v. Charter Twp. of Clinton*,
    2002 WL 31160298 (Mich. Ct. App. Sept. 27, 2002) ........................................................ 12

*Smith v. Michigan*,
    256 F. Supp. 2d 704 (E.D. Mich. 2003) ............................................................................... 6

*Soles v. Ingham County*,
    316 F. Supp. 2d 536 (W.D. Mich. 2004) ............................................................................ 12

*Tam Travel, Inc. v. Delta Airlines, Inc.*,
    583 F.3d 896 (6th Cir. 2009) ................................................................................................ 5

*Terry v. Tyson Farms, Inc.*,
    604 F.3d 272 (6th Cir. 2010) ............................................................................................... 5

*Vine v. Cty. of Ingham*
    884 F. Supp. 1153 (W.D. Mich. 1995) ........................................................................... 9, 12

**<u>Statutes</u>**

MCL 600.2956 .................................................................................................................................. 6

**<u>Rules</u>**

Fed. R. App. P. 43(c)(1) .................................................................................................................. 8

Fed. R. Civ. P. 25(d)(1) .................................................................................................................. 8

U.S. Supreme Court R. 35.3 ........................................................................................................... 8

**I.      INTRODUCTION**

Plaintiff's Complaint is heavy on conclusory allegations couched in legal terms but scant on facts. When considering the facts as alleged, as well as plausible inferences in Plaintiff's favor, certain claims in Plaintiff's Complaint fail as a matter of law.

First, even though Counts I, II, and IV seek to impose "joint and several" liability, joint and several liability is not recoverable under 42 U.S.C. § 1983 or the state-law claim asserted by Plaintiff. Second, because the Fourteenth Amendment applies to pretrial detainees, like Donald Johnson, Plaintiff's Fourth and Eighth Amendment claims in Count I should be dismissed. Third, the *official*-capacity suit should be dismissed as to Deputy Stack and the *individual*-capacity suit against Kent County, Sheriff LaJoye-Young and Undersheriff Dewitt in Count II. Fourth, Kent County, Sheriff LaJoye-Young and Undersheriff Dewitt should be dismissed from Count I (deliberate indifference) because the Complaint does not allege personal involvement by those parties. Finally, due to Donald Anderson causing his own death via suicide, Plaintiff cannot establish proximate causation to maintain her state law gross negligence claim (Count IV).

For the reasons further set out below, Plaintiff's Complaint is partially defective and should be dismissed in part.

**II.     BACKGROUND[1]**

    **A.    DONALD ANDERSON IS SEEN BY MEDICAL AND MENTAL PROFESSIONALS WHEN BOOKED AT THE JAIL**

Sally Kirkwood, as Personal Representative for the Estate of Donald Anderson, filed the Complaint on behalf of Donald Anderson, who is deceased. Compl., ECF No. 13, PageID.2.

---

[1] Because this is a Rule 12(b)(6) motion, this background section accepts the factual allegations as set forth in the Plaintiff's Complaint as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotations and citations omitted).

1

Plaintiff's Complaint arises from events that occurred while Donald Anderson was in custody at the Kent County Correctional Facility between February 22, 2021 and March 2, 2021. *Id.* at ¶ 2. Donald Anderson committed suicide while in custody on March 2, 2021. *Id.*

"Donald Anderson entered the Kent County Jail on February 22, 2021." *Id.* at ¶ 26. The Kent County Jail's "booking intake consisted of separate mental and medical health screenings to assist in the classification for placement and for the medical and mental health needs for inmates." *Id.* at ¶ 27. "The first is the Prescreen/Triage Screening that is completed by a deputy assigned to the intake." *Id.* "The second and third screenings are the Medical Screening Survey and the Mental Health Screening Survey which is completed by a medical professional." *Id.*

Here, the Prescreen/Triage Screening was completed by Deputy Kevin Cowdin. *Id.* at ¶ 28. "During the booking process on February 22, 2021, at approximately 12:59 p.m., Deputy Kevin Cowdin specifically notated an 'alert' in Donald Anderson's electronic booking file classifying it as "S1" under the alert category, and specially stated the alert type was 'MENTAL' with a reason listed as: INM HIST (inmate history)." *Id.*

"Heather Tunell, MSN, RN, also completed the mental health screening for her evaluation on February 22, 2021, at approximately 11:54 a.m." *Id*. at ¶ 27. During the evaluation, she noted that Donald Anderson "drinks thirty beers a day" and "that he has alcohol withdrawal concerns." *Id*. Additionally, she specifically reported his "alcohol or drug withdrawal" symptoms, including, "shakes and nausea." *Id*. She also identified Donald Anderson's history of "anxiety and depression[,]" and that he had "no med[ication]s" for these conditions presently. *Id*. "She further wrote on the bottom of the mental health screening evaluation form as additional 'comments: Ibir: 8/3/20 prior s alerts, aot notified. chart made. ok for gen population.'" *Id*. "She also indicated 'YES' on the medical screening form for the category of Mental Health and again noted "aot

2

notified of conditions" which memorialized that she notified the mental health professionals of Donald Anderson's mental health issues." *Id*. "She also made a referral to the jail doctor for Donald Anderson to be treated for alcohol withdrawals." *Id*.

"On February 23, 2021, at approximately 9:55 p.m., in response to the mental health notifications and alerts, Defendant Smith, who is a mental health counselor, met with Donald Anderson. Despite his past documented status as highly classified "S1" inmate whom has had significant suicidal issues in the Kent County Jail, . . . she specifically reduced his inmate alert status to 'S0' in the jail computer booking case notes." *Id.* at ¶ 29. An alert of 'S0' in the Kent County Jail booking system is identified as follows:

> History: *Inmates that have a history of suicide threats or attempts but are currently emotionally stable*. These inmates can be placed in general population. Mental health staff will not need to see these inmates. Inmates that may be depressed or have a history of suicidal thoughts or attempts that warrant tracking. *The inmates are stable regarding suicidal ideation.* These inmates can be placed in general population and in a single person cell. Mental health staff will see these inmates one time per week. The deputies in the inmate housing units should be alert to any drastic mood or personality changes. Mental health staff and/or classification are to be notified of any changes.

*Id.* at ¶ 29 (emphasis added).

### B.     DEPUTY MICHAEL STACK

A different inmate, Ryan Galloway, allegedly "issued multiple kites in the jail requesting mental health treatment for Donald Anderson due to his suicidal ideation." *Id.* at ¶ 6. "Ryan Galloway had specifically told Defendant Deputy Stack of Donald Anderson's immediate need for help for his suicidal ideation." *Id.* at ¶ 6; *see also id.* at ¶ 37 ("Ryan Galloway told Defendant Deputy Stack prior to Donald Anderson hanging himself that Donald Anderson was going to hurt himself and to get him mental help."). "Defendant Deputy Stack told Ryan Galloway that the kites he sent were received and that Donald Anderson would receive help." *Id.* at ¶ 37. The above allegations are the totality of the factual allegations against Deputy Stack.

3

### C. DEFENDANTS KENT COUNTY, SHERIFF MICHELLE LAJOYE-YOUNG AND UNDERSHERIFF CHARLES DEWITT

With respect to Kent County, Plaintiff claims that "Defendant Kent County has a policy and practice to not respond to kites in a timely manner creating a culture of being deliberately indifferent to inmates' serious medical needs." *Id.* at ¶ 45. Furthermore, "Defendant Kent County conducted a biased death investigation to conceal the unconstitutional conduct[.]" *Id.* at ¶ 6. Undersheriff Dewitt and Sheriff Michelle LaJoye-Young authorized "Kent County Sheriff's Department Det. Tuinhoff as the assigned detective to conduct a criminal investigation into the death of Donald Anderson." *Id.* at ¶ 32. Plaintiff asserts the " investigation was used as a rouse to cover up the deliberate indifference to Donald Anderson's serious medical needs." *Id.* Furthermore, "in an effort to deflect civil liability, Sheriff LaJoye-Young and Defendant Undersheriff Dewitt authorized an internal affairs investigation to be conducted by Lt. Lyons." *Id.* at ¶ 41. Plaintiff believes these actions constitute constitutional and state law violations.

### D. COUNTS ASSERTED IN THE COMPLAINT

The Complaint contains four counts: deliberate indifference/failure to provide medical care in violation of the Fourth, Eighth, and Fourteenth Amendments against all Defendants (Count I); municipal/supervisor liability against Kent County, Sheriff Michelle LaJoye-Young, Undersheriff Charles Dewitt, and Deputy Michael Stack (Count II); municipal/supervisor liability against Family Outreach Center (Count III); and gross negligence and/or wanton and willful misconduct under Michigan state law against all Defendants (Count IV). *Id.* at ¶¶ 66-129. Plaintiff asserts her claims "jointly and severally" against all Defendants. Compl., ECF No. 1, PageID.1. Furthermore, "Plaintiff brings this suit against each and every Defendant in both their individual and official capacities." *Id.* at ¶ 11.

4

### III. LEGAL STANDARD

In addressing a motion under Rule 12(b)(6), the Court must determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547 (2007). The pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citation omitted). Thus, threadbare recitals of the elements of a cause of action supported by mere conclusory statements will not suffice. *Id.* Legal conclusions that are "masquerading as factual allegations" will not suffice. *Terry v. Tyson Farms, Inc.*, 604 F.3d 272, 276 (6th Cir. 2010) (quoting *Tam Travel, Inc. v. Delta Airlines, Inc.*, 583 F.3d 896, 903 (6th Cir. 2009)), *see Papasan v. Allain*, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

### IV. ANALYSIS

Several portions of the Complaint should be dismissed. First, Plaintiff's claims against Defendants "jointly and severally" should be dismissed because there is no joint and several liability under 42 U.S.C. § 1983 or Michigan state law. Second, because the Fourteenth Amendment applies to pretrial detainees, like Donald Johnson, Plaintiff's Fourth and Eighth Amendment claims in Count I should be dismissed. Third, the official-capacity suit should be dismissed as to Deputy Stack and the individual-capacity suit against Kent County, Sheriff LaJoye-Young and Undersheriff Dewitt in Count II should be dismissed because the allegations in the Complaint do not support such claims. Fourth, Count I as to Kent County, Sheriff LaJoye-Young and Undersheriff Dewitt should be dismissed because the Complaint does not allege personal involvement by Kent County, Sheriff LaJoye-Young and Undersheriff Dewitt. Finally, Count IV,

Plaintiff's state law gross negligence claim, lacks sufficient evidence to establish proximate causation, thereby requiring its dismissal against all Defendants.

### A.   PLAINTIFF'S CLAIMS AGAINST DEFENDANTS "JOINTLY AND SEVERALLY" SHOULD BE DISMISSED.

Plaintiff attempts to impose liability against all Defendants jointly and severally. *See* Compl., ECF No. 1, PageID.1. Joint and several liability does not apply to the claims raised by Plaintiff. As for Counts I and II, there is no joint and several liability under 42 U.S.C. § 1983. *See, e.g.*, *Smith v. Michigan*, 256 F. Supp. 2d 704, 712 (E.D. Mich. 2003) (dismissing Plaintiff's joint and several liability Section 1983 and state law claims). "Section 1983 requires a showing of responsibility for personal wrongdoing." *Id.* The Supreme Court, in a decision declining to attach liability to a municipality on a theory of respondent superior, noted that "Congress did not intend section 1983 liability to attach where such causation [by each party] was absent." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978) (citing *Rizzo v. Goode*, 423 U.S. 362, 370–371 (1976)). Each defendant must be shown to have been personally involved in the alleged unconstitutional activity in order for liability to be imposed under 42 U.S.C. § 1983. *Hays v. Jefferson Cnty.*, 668 F.2d 869, 872 (6th Cir. 1982). Thus, Plaintiff's claims for joint and several liability as to Counts I and II should be dismissed.

Plaintiff's claim for joint and several liability as to Count IV should also be dismissed. As for the state law claims in Count IV, M.C.L. § 600.2956 provides that liability for damages is several only, not joint, in tort actions seeking damages for personal injury, property damage, or wrongful death. M.C.L. § 600.2956. "As such, any state law claim against each defendant may only result in several liability." *Smith*, 256 F. Supp. 2d at 712. Thus, Plaintiff's claim for joint and several liability as to the state law claims in Counts IV should be dismissed.

Accordingly, Plaintiff's request for joint and several liability against Defendants fail as a matter of law.

## B. PLAINTIFF'S CLAIM UNDER THE FOURTH AND EIGHTH AMENDMENTS IN COUNT I SHOULD BE DISMISSED

In Count I, Plaintiff alleges that Defendants violated Donald Anderson's Fourth, Eighth, and Fourteenth Amendment rights. Compl., ECF No. 1, PageID.23-27. Because Donald Anderson was a pretrial detainee at the time of his suicide, his deliberate indifference claim must be analyzed under the Fourteenth Amendment. *Id*. at ¶ 15 ("Decedent, Donald Anderson, was a man that was incarcerated at the Kent County Jail at the times of the events at issue in this case as a pretrial detainee awaiting resolution of a pending criminal matter as he was unable to post his bond."); *see Burgess v. Fischer*, 735 F.3d 462, 476 (6th Cir. 2013) (determining that the Due Process Clause of the Fourteenth Amendment applies to deliberate indifference claims asserted by pretrial detainees); s*ee also Lawler as next friend of Lawler v. Hardeman Cnty., Tenn.*, 93 F.4th 919, 926 (6th Cir. 2024) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979)) ("Lawler was a pretrial detainee at the time of his suicidal death, meaning that a court had yet to try or punish him. Lawler's father thus cannot invoke the Eighth Amendment right against 'cruel and unusual punishments' because that right kicks in only after a conviction."); *Guy v. Metro. Gov't of Nashville & Davidson Cnty., Tennessee*, 687 F. App'x 471, 474 (6th Cir. 2017) (holding that the Fourteenth Amendment, rather than the Fourth Amendment, governed the excessive force claim brought by a pretrial detainee). Accordingly, Plaintiff's claims under the Fourth and Eighth Amendments should be dismissed.

## C. PLAINTIFF'S CLAIM AGAINST DEPUTY STACK IN HIS OFFICIAL-CAPACITY SHOULD BE DISMISSED AND PLAINTIFF'S CLAIMS AGAINST KENT COUNTY, THE SHERIFF, AND THE UNDERSHERIFF IN THEIR INDIVIDUAL CAPACITIES SHOULD BE DISMISSED

In the Complaint, Plaintiff states that she is suing all Defendants "in their individual and official capacities." Compl., ECF No. 13, PageID.5. However, Plaintiff's Complaint fails to properly allege any facts that could support an official-capacity action against Deputy Stack as indicated in Count I. Similarly, Plaintiff's Complaint fails to properly allege any facts that could support an individual-capacity action against Kent County, the Sheriff, or Undersheriff. It is well established that "[d]amages actions against public officials require a careful adherence to the distinction between personal and official-capacity suits." *Gean v. Hattaway*, 330 F.3d 758, 765 (6th Cir. 2003) (cleaned up) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)).

Official-capacity suits "'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Graham,* 473 U.S. at 165 (quoting *Monell*, 436 U.S. 658, 690, n. 55 (1978)). Suits against state officials in their official-capacity should be treated as suits against the state. *Graham*, 473 U.S. at 166. "Indeed, when officials sued in this capacity in federal court die or leave office, their successors automatically assume their roles in the litigation." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing Fed. R. Civ. P. 25(d)(1); Fed. R. App. P. 43(c)(1); U.S. Supreme Court R. 35.3). Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, "the entity's 'policy or custom' must have played a part in the violation of federal law." *Graham*, 473 U.S. at 166 (quoting *Monell,* 436 U.S. at 694).

"Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under color of state law." *Hafer*, 502 U.S. at 26. Thus, "[o]n the merits, to establish personal liability in a § 1983 action, it is enough to show that the official,

8

acting under color of state law, caused the deprivation of a federal right." *Id*. at 166. "While the plaintiff in a personal-capacity suit need not establish a connection to governmental 'policy or custom,' officials sued in their personal capacities, unlike those sued in their official capacities, may assert personal immunity defenses such as objectively reasonable reliance on existing law." *Id*. (citing *Graham*, 473 U.S. at 166–167).

Here, Plaintiff's claims against Deputy Stack relate to actions he allegedly individually made while performing his duties as a deputy at Kent County Jail. Compl., ECF No. 1, PageID.3-4. Namely, Plaintiff claims "Deputy Stack was deliberately indifferent to Donald Anderson's serious medical needs when he did nothing to assist him with his imminent serious medical needs after he received direct verbal confirmation from Ryan Galloway (prior to Donald Anderson hanging himself) that he was going to hurt himself and that he needed immediate mental help." *Id*. at ¶ 48. Plaintiff's claim against Deputy Stack in his official-capacity should be dismissed because the allegations against him relate to actions he took personally. The Complaint does not allege (nor could it) that Deputy Stack develops policies or customs of the Kent County Sheriff Department.

Moreover, an individual-capacity suit against Kent County is untenable as the County is not a person. *See Vine v. Cty. of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995) (citations omitted); *Butler v. Pickell,* No. 1:21-CV-10817, 2021 WL 3566276, at *2 (E.D. Mich. Aug. 12, 2021) (citations omitted) (collecting cases).[2] Similarly, regarding the Sheriff and the Undersheriff, the claims are related to the policies and customs implemented by Kent County, the real party in interest. Plaintiff alleges that Kent County has a policy and practice of not responding to kites in a timely manner, creating a culture of deliberate indifference to inmates' serious medical needs.

---

[2] Unpublished cases are attached as **Exhibit A**.

9

Compl., ECF No. 1, ¶ 45. Sheriff LaJoye-Young and Undersheriff Dewitt are accused of authorizing various investigative actions to cover up the alleged deliberate indifference. *Id*. at ¶¶ 32, 41. These allegations pertain to Kent County's policies or customs rather than the individual actions of the Sheriff and Undersheriff. Plaintiff's allegations do not suggest that the Sheriff or the Undersheriff directly participated in the events underlying the constitutional claims and they relate to alleged actions that occurred after Donald Anderson's death. *See Durden v. Bouchard*, No. 2:20-CV-12161, 2020 WL 5548377, at *2 (E.D. Mich. Sept. 16, 2020) (citation omitted) ("Plaintiff has failed to state a claim against Bouchard in his official capacity. The same allegation fails to state a claim against the sheriff in his individual capacity, because it does not describe any personal involvement by Bouchard in the alleged deprivation of Plaintiff's civil rights.").

In conclusion, Plaintiff's official-capacity claim against Deputy Stack in Count I should be dismissed. Similarly, Plaintiff's individual-capacity claim against Kent County, the Sheriff, and the Undersheriff should be dismissed.

### D. COUNT I AGAINST KENT COUNTY, THE SHERIFF, AND THE UNDERSHERIFF SHOULD BE DISMISSED FOR LACK OF PERSONAL INVOLVEMENT

The County, Sheriff, and Undersheriff should be dismissed from Count I for lack of personal involvement.

The Fourteenth Amendment deliberate indifference standard has both an objective and subjective component. *Downard for Est. of Downard v. Martin*, 968 F.3d 594, 600 (6th Cir. 2020). Under the objective standard, a pretrial detainee must show an objectively "sufficiently serious" medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under the subjective standard, a pretrial detainee must show that "each defendant 'acted deliberately (not accidentally), [and] also recklessly 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" *Helphenstine v. Lewis Cnty., Kentucky*, 60 F.4th 305, 317 (6th Cir. 2023),

10

cert. denied, 144 S. Ct. 692 (2024) (quoting *Brawner v. Scott Cnty.*, 14 F.4th 585, 596 (6th Cir. 2021) (quoting *Farmer*, 511 U.S. at 836)).

> In the context of inmate suicide cases, 'the proper inquiry concerning the liability of a [County] and its employees in both their official and individual capacities under § 1983 . . . is[ ] whether the decedent showed a strong likelihood that he would attempt to take his own life in such a manner that failure to take adequate precautions amounted to a deliberate indifference to the decedent's serious medical needs.

*Gray v. City of Detroit*, 399 F.3d 612, 616 (6th Cir. 2005).

"[A] § 1983 plaintiff generally must prove both that a defendant was personally at fault and that the defendant's culpable conduct (not somebody else's) caused the injury." *Pineda v. Hamilton County*, 977 F.3d 483, 490 (6th Cir. 2020). "Section 1983 imposes liability only on a defendant who was personally involved in the unconstitutional action that caused the plaintiff's injury." *Id.* at 491. Plaintiff is required to show that "deliberate conduct" by the Defendants was "the moving force behind the injury." *Bd. of County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Pineda*, 977 F.3d at 490 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). "Each defendant must be 'personally involved' in the unconstitutional action." *Pineda*, 977 F.3d at 490 (citing *Burley v. Gagacki*, 729 F.3d 610, 619 (6th Cir. 2013)). "Proximity to a wrongdoer does not authorize punishment." *Pineda*, 977 F.3d at 490.

The allegations against Sheriff LaJoye-Young and Undersheriff Dewitt are rooted in their supervisory roles within the jail. Plaintiff alleges that these individuals authorized specific investigative actions following the death of Donald Anderson, which were purportedly aimed at concealing the deliberate indifference to Anderson's medical needs. Compl., ECF No. 13, PageID.11, ¶ 32. However, Plaintiff does not allege that these individuals were personally present

11

or directly involved in the incident itself, but rather that they authorized certain investigative actions post-incident.

Furthermore, regarding the County's involvement, it is well established that a governmental entity cannot act individually, and its liability under § 1983 is predicated on the actions of its officials or employees. *See Vine v. Cty. of Ingham*, 884 F. Supp. 1153, 1158 (W.D. Mich. 1995) (citations omitted); *Butler v. Pickell,* No. 1:21-CV-10817, 2021 WL 3566276, at *2 (E.D. Mich. May 11, 2021) (citations omitted) (collecting cases). Therefore, to the extent that Count I implicates the County, Sheriff, and Undersheriff in their official capacities, it effectively asserts a municipal/Monell claim, which is addressed separately in Count II.

Kent County, the Sheriff, and Undersheriff should be dismissed from Count I. To the extent that the claims implicate the County in its official-capacity, Plaintiff asserts a municipal/Monell claim in Count II, which is distinct from the individual liability of the named Defendants in Count I.

### E. COUNT IV SHOULD BE DISMISSED BECAUSE PLAINTIFF CANNOT PROVE CAUSATION

Plaintiff cannot satisfy proximate causation for Count IV. Michigan federal and state courts have held that a prisoner's suicide is the proximate cause of the prisoner's death:

> [E]ven if Mitchell, Cates or Haven were deemed responsible for some nonfeasance amounting to gross negligence, liability could be imposed only if such nonfeasance was the proximate cause of Aaron's death. Yet, it is undisputed that Aaron committed suicide while he was alone in his cell by hanging himself with a bed sheet. The one most immediate, efficient and direct cause of his death was clearly not any nonfeasance by defendants, but Aaron's own volitional self-destructive act.

*Soles v. Ingham County*, 316 F. Supp. 2d 536, 546 (W.D. Mich. 2004) (citing *Scott v. Charter Twp. of Clinton*, 2002 WL 31160298 (Mich. Ct. App. Sept. 27, 2002); *see also Bradley v. City of Ferndale*, 148 F. App'x 499, 514 (6th Cir. 2005) (concluding that "it is clear that the one most immediate, efficient and direct cause of Bradley's death was his own act of hanging himself"). In

*Cooper v. Washtenaw County*, the Michigan Court of Appeals applied the same proximate cause standard and concluded that the defendants were not liable for the plaintiff's gross negligence claim because "the one most immediate, efficient, and direct cause of Morton's death was his own conduct," i.e., his suicide while confined in a holding cell. 270 Mich. App. 506, 508-509; 715 N.W.2d 908 (2006); *Perez v. Oakland Cty.*, No. 271406, 2007 WL 914669, at *3 (Mich. Ct. App. Mar. 27, 2007) (the proximate cause of the inmate's death was his own act of suicide).

Here, Donald Anderson's act of hanging himself was the most immediate, efficient and direct cause of his death. *See, e.g.*, *Findling for Est. of Garza v. Michigan Dep't of Corr.*, No. 2:17-CV-18, 2019 WL 4743862, at *1–2 (W.D. Mich. Sept. 30, 2019) (rejecting report and recommendation that failed to dismiss gross negligence claims against defendants based on plaintiff's failure to satisfy the proximate cause requirement due to suicide). Because Plaintiff cannot satisfy proximate causation, Plaintiff's state law claim fails as a matter of law.

## IV.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss the aforementioned portions of Plaintiff's Complaint for failure to state a claim. The remaining claims against the Kent County Defendants would be as follows: Count I: an individual-capacity claim against Deputy Stack for "failure to provide medical care / deliberate indifference to serious medical needs," and Count II: an official-capacity claim against the Sheriff, the Undersheriff, and Kent County for a *Monell*/supervisory claim.

|  |  |  |
|---|---|---|
|  |  | Respectfully submitted, |
| Dated:  April 15, 2024 | By: | */s/      Kyle P. Konwinski* |
|  |  | Kyle P. Konwinski (P76257) |
|  |  | Jailah D. Emerson (P84550) |
|  |  | Business Address & Telephone: |
|  |  | Bridgewater Place |
|  |  | P.O. Box 352 |
|  |  | Grand Rapids, MI 496501 |
|  |  | (616)336-6000 |
|  |  | kpkonwinski@varnumlaw.com |
|  |  | jdemerson@varnumlaw.com |

22593163.4

14